## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONOR MCGRATH<br><br>           Plaintiff,<br><br>    v.<br><br>COLLECTORS UNIVERSE, INC., JOSEPH J.<br>ORLANDO, A.J. MOYER, BRUCE A.<br>STEVENS, KATE W. DUCHENE, VINA M.<br>LEITE, JON M. SULLIVAN, LORRAINE G.<br>BARDEEN, and JENNIFER H. LEUER,<br><br>           Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE FEDERAL SECURITIES<br>LAWS**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Conor McGrath ("Plaintiff") by and through his undersigned attorneys, brings this action on behalf of himself, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Collectors Universe, Inc., ("Collectors Universe" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on Collectors Universe website concerning the Company's public statements; and (d) review of other publicly available information concerning Collectors Universe and the Defendants.

## NATURE OF THE ACTION

1.      Plaintiff brings this action against the Company and members of the Company's Board of Directors (the "Board" or the "Individual Defendants") for violations of Sections

14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company via tender offer (the "Tender Offer") by Cards Parent LP ("Parent") and Cards Acquisition Inc. ("Purchaser") (the "Proposed Transaction").

2.      On November 30, 2020, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, Collectors Universe shareholders will receive $75.25 per share of Collectors Universe common stock owned (the "Merger Consideration"). The Tender Offer is set to expire on January 19, 2021.

3.      On December 17, 2020, the Company filed an incomplete and materially misleading Recommendation Statement with the SEC (the "Recommendation Statement") in connection with the Proposed Transaction.  The Recommendation Statement omits material information concerning the Proposed Transaction.

4.      Accordingly, the failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Collectors Universe stockholders need such information in order to make a fully informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

5.      As set forth more fully herein, Plaintiff seeks to enjoin Defendants from proceeding with the Proposed Transaction.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 as Plaintiff alleges violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act

7.     This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9.     Plaintiff has been the owner of the common stock of Collectors Universe since prior to the transaction herein complained of and continuously to date.

10.     Defendant Collectors Universe is a Delaware corporation with its principal executive offices located at 1610 E. Saint Andrew Place, Santa Ana, CA 92705.  The Company's stock trades on the NASDAQ under the ticker "CLCT."

11.     Defendant Joseph J. Orlando ("Orlando") is and has been the President, Chief Executive Officer, and a director of the Company at all times during the relevant time period.

12.     Defendant A.J. Moyer ("Moyer") is and has been a director of the Company at all times during the relevant time period.

13.     Defendant Bruce A. Stevens ("Stevens") is and has been a director of the Company at all times during the relevant time period.

14.     Defendant Kate W. Duchene ("Duchene") is and has been a director of the Company at all times during the relevant time period.

15.    Defendant Vina M. Leite ("Leite") is and has been a director of the Company at all times during the relevant time period.

16.    Defendant Jon M. Sullivan ("Sullivan") is and has been a director of the Company at all times during the relevant time period.

17.    Defendant Lorraine G. Bardeen ("Bardeen") is and has been a director of the Company at all times during the relevant time period.

18.    Defendant Jennifer J. Leuer ("Leuer") is and has been a director of the Company at all times during the relevant time period.

19.    Defendants Orlando, Moyer, Stevens, Duchene, Leite, Sullivan, Bardeen, and Leuer are collectively referred to herein as the "Individual Defendants."

20.    Defendant Collectors Universe, along with the Individual Defendants, are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

21.    Collectors Universe is an American company formed in 1986, now based in Santa Ana, California, which provides third-party authentication and grading services to collectors, retail buyers and sellers of collectibles. Its authentication services focus on coins, trading cards, sports memorabilia, and autographs. The Company reached the combined total of 75 million certified collectibles in 2019. Collectors Universe is also a publisher in fields relating to collecting.

22.    The Company engages in business-to-business market for certified coins under Certified Coin Exchange, and a business-to-consumer under Collectors Corner. PCGS Coin

Authentication and Grading Services focuses on coins market and have authenticated and graded over 42.5 million coins, medals, and tokens with an estimated market value of over $36 billion.

## The Company Announces the Proposed Transaction

23.     On November 30, 2020, Collectors Universe issued a press release announcing that the Company had entered an agreement in connection with the Proposed Transaction.  The press release stated, in pertinent part:

> NEWPORT BEACH, Calif., Nov. 30, 2020 (GLOBE NEWSWIRE) -- Collectors Universe, Inc. (NASDAQ: CLCT) ("Collectors Universe" or the "Company"), a leading provider of value-added authentication and grading services to dealers and collectors of collectibles, today announced that it has entered into a definitive agreement under which an investor group led by entrepreneur and sports card collector Nat Turner, D1 Capital Partners L.P., and Cohen Private Ventures, LLC (the "Investor Group") will acquire all of the Company's outstanding shares of common stock for $75.25 per share in cash.
>
> The transaction represents a premium of approximately 30% over the Company's 60-day volume-weighted average price ended on November 25, 2020, the last full trading day before today's announcement. The transaction, which was approved by the Collectors Universe Board of Directors, represents fully diluted equity value of approximately $700 million, and is not subject to any financing contingency.
>
> Joseph J. Orlando, President and CEO of Collectors Universe, will continue to lead Collectors Universe, which will retain its headquarters in Santa Ana, California.
>
> "After careful consideration, we are pleased to have reached an agreement that reflects the remarkable value creation Collectors Universe has achieved through its consistent execution during these challenging times," said A.J. "Bert" Moyer, Chairman of the Collectors Universe Board of Directors. "This transaction will deliver an immediate cash premium to our shareholders, and create exciting opportunities for our employees, collectors and dealers around the world."
>
> "Collectors Universe has firmly established itself as an industry leader, with the strongest and best-known brands in authentication and grading services," said Mr. Orlando. "As we look to our next chapter, I'm excited to partner with Nat, a fellow lifelong collector and hobbyist whose passion for the collectibles space and substantial experience scaling technology businesses will help position Collectors Universe to drive continued growth and success in our PSA and PCGS brands

over the long-term. This transaction is a testament to the value that all of Collectors Universe's talented employees have built. As we transition from a public to a private company, in partnership with Nat and a group of world-class financial investors and sports and collectibles enthusiasts, our customers will continue to see the same level of integrity, transparency, service and high-quality solutions that they expect from Collectors Universe."

"Collecting sports cards and connecting with like-minded hobbyists has been a lifelong passion," said Mr. Turner. "I have tremendous respect for the high-quality services Collectors Universe provides and the leadership position its talented team, led by Joe Orlando, has built. We are committed to bringing the resources and expertise necessary to expand the Company's operational capacity and technological capabilities, while enhancing the accuracy and consistency for which Collectors Universe is known."

**Transaction Details**

The transaction will be completed through a cash tender offer for all of the outstanding common shares of Collectors Universe for $75.25 per share in cash, to be commenced as promptly as reasonably practicable, followed by a merger in which any remaining outstanding shares of Collectors Universe will be converted into the right to receive the same cash price per share paid in the tender offer. The closing of the tender offer is subject to certain limited and customary conditions, including the tender by Collectors Universe shareholders of at least one share more than 50% of Collectors Universe's issued and outstanding shares and expiration or early termination of the statutory waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976.

The Collectors Universe Board of Directors recommends that all shareholders tender their shares in the offer.

The transaction is expected to close in the first calendar quarter of 2021. Upon completion of the transaction, Collectors Universe will become a privately held company and its shares will no longer be listed on any public market.

**Advisors**

Houlihan Lokey is serving as financial advisor to the Company and Wilson Sonsini Goodrich & Rosati, Professional Corporation is serving as legal counsel.

Allen & Company LLC is serving as financial advisor to the Investor Group and Sullivan & Cromwell LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP are serving as legal counsel.

## FALSE AND MISLEADING STATEMENTS
## AND/OR MATERIAL OMISSIONS IN THE RECOMMENDATION STATEMENT

24.    On December 17, 2020, the Company authorized the filing of the Recommendation Statement with the SEC.  The Recommendation Statement recommends that the Company's stockholders tender their shares in favor of the Proposed Transaction.

25.    Defendants were obligated to carefully review the Recommendation Statement prior to its filing with the SEC and dissemination to the Company's unitholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Recommendation Statement misrepresent and/or omit material information that is necessary for the Company's shareholders to make informed decisions concerning whether to tender their shares in favor of the Proposed Transaction.

### Material False and Misleading Statements or Material
### Misrepresentations or Omissions Regarding Managements Projections

26.    The Recommendation Statement contains financial projections prepared by senior members of Collectors Universe's management in connection with the Proposed Transaction, but fails to provide material information concerning such.

27.    The SEC has repeatedly emphasized that disclosure of non-GAAP projections can be inherently misleading, and has therefore heightened its scrutiny of the use of such projections.[1]  Indeed, on May 17, 2016, the SEC's Division of Corporation Finance released new and updated Compliance and Disclosure Interpretations ("C&DIs") on the use of non-GAAP

---

[1]    *See, e.g.*, Nicolas Grabar and Sandra Flow, Non-GAAP Financial Measures: The SEC's Evolving Views, Harvard Law School Forum on Corporate Governance and Financial Regulation (June 24, 2016), *available at* https://corpgov.law.harvard.edu/2016/06/24/non-gaap-financial-measuresthesecs evolving-views/; Gretchen Morgenson, Fantasy Math Is Helping Companies Spin Losses Into Profits, N.Y. Times, Apr. 22, 2016, available at http://www.nytimes.com/2016/04/24/business/fantasy-mathis-helping-companies-spin-ossesinto-profits.html?_r=0.

financial measures that demonstrate the SEC's tightening policy.[2] One of the new C&DIs regarding forward-looking information, such as financial projections, explicitly requires companies to provide any reconciling metrics that are available without unreasonable efforts.

28.     In order to make management's projections included in the Recommendation Statement materially complete and not misleading, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures.

29.     Specifically, with respect to the Company's financial projections, the Company must disclose the line item projections for the financial metrics that were used to calculate the non-GAAP measures, including, but not limited to, all line items used to calculate: (i) Adjusted EBITDA; and (ii) Adjusted EBIT.

30.     Disclosure of the above line item projections is vital to provide investors with the complete mix of information necessary to make an informed decision when voting on the Proposed Transaction.

### Material False and Misleading Statements or Material <br> Misrepresentations or Omissions Regarding Houlihan's Opinion

31.     The Recommendation Statement contains the financial analyses and opinion of Houlihan Lokey Capital, Inc. ("Houlihan") concerning the Proposed Transaction but fails to provide material information concerning such.

32.     With respect to Houlihan's *Selected Companies Analysis*, the Recommendation Statement fails to disclose: (i) the individual multiples and metrics for each of the companies observed by Houlihan in the analysis; (ii) total debt, cash, and cash equivalents; and (iii) the number of fully diluted Company shares outstanding.

---

[2] Non-GAAP Financial Measures, Compliance & Disclosure Interpretations, U.S. SECURITIES AND EXCHANGE COMMISSION (May 17, 2017), *available at* https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

33.    With respect to Houlihan's *Selected Transactions Analysis*, the Recommendation Statement fails to disclose: (i) the individual multiples and metrics for each of the transactions observed in the analysis; (ii) total debt, cash, and cash equivalents; (iii) the number of fully diluted Company shares outstanding; and (iv) the premiums paid in each of the transactions.

34.    With respect to Houlihan's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the terminal values used in Houlihan's analysis; (ii) the inputs and assumptions underlying Houlihan's use of the discount rates ranging from 9.0% to 11.0%; (iii) the total debt, cash, and cash equivalents used in the analysis; and (iv) the number of fully diluted shares outstanding.

35.    Lastly, the Recommendation Statement fails to disclose the amount of Houlihan's compensation that is contingent upon the consummation of the Proposed Transaction.

36.    When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.  Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

37.    Without the above described information, the Company's shareholders are not fully informed with respect to the Proposed Transaction.  Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

**COUNT I**

**(Against All Defendants for Violations of Section 14(d)**
**of the Exchange Act and Rule 14d-9 Promulgated Thereunder)**

38.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39.     Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder makes it a requirement to make full and complete disclosure in connection with tender offers.

40.     As discussed herein, the Recommendation Statement, while soliciting shareholder support for the Proposed Transaction, misrepresent and/or omit material facts concerning the Proposed Transaction.

41.     Defendants prepared, reviewed, filed and disseminated the false and misleading Recommendation Statement to Collectors Universe shareholders. In doing so, Defendants knew or recklessly disregarded that the Recommendation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

42.     The omissions and incomplete and misleading statements in the Recommendation Statement are material in that a reasonable shareholder would consider them important in deciding whether to tender their shares in favor of the Proposed Transaction. In addition, a reasonable investor would view such information as altering the "total mix" of information made available to shareholders.

43.     By virtue of their positions within the Company and/or roles in the process and in the preparation of the Recommendation Statement, Defendants were undoubtedly aware of this information and had previously reviewed it, including participating in the Proposed Transaction negotiation and sales process and reviewing Collectors Universe's financial advisor's complete financial analyses purportedly summarized in the Recommendation Statement.

44.     The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

45.     Collectors Universe is deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Recommendation Statement.

46.     Defendants knew that Plaintiff and other shareholders would rely upon the Recommendation Statement in determining whether to tender their shares in favor of the Proposed Transaction.

47.     As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

48.     Plaintiff has no adequate remedy at law.

## COUNT II

**(Against All Defendants for Violation
Of Section 14(e) of the Exchange Act)**

49.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made false statements of material fact or failed to state all material facts that would be necessary to make the statements made, in light of the circumstances, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Proposed Transaction.

51.     Defendants knew that Plaintiff and the Company's shareholders would rely upon their statements made in the Recommendation Statement in determining whether to tender shares in favor of the Proposed Transaction.

52.     As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

### COUNT III

**(Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act)**

53.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

54.     The Individual Defendants acted as controlling persons of Collectors Universe within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Collectors Universe, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

55.     Each of the Individual Defendants were provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations alleged herein, and exercised the same. The Recommendation Statement contain the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

57.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons and the acts described herein, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

58.     As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

59.     Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     Directing the Individual Defendants to disseminate an Amendment to the Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.    Directing Defendants to account to Plaintiff for their damages sustained because of the wrongs complained of herein;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: December 29, 2020

Respectfully submitted,

By: /s/ Joshua M. Lifshitz
Joshua M. Lifshitz
Email: jml@jlclasslaw.com
**LIFSHITZ LAW FIRM, P.C.**
821 Franklin Avenue, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff*